UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARIN SCOTT ROBBINS,<br><br>       Petitioner,<br><br> v.<br><br>WARDEN HUTCHINGS, *et al*.,<br><br>       Respondents. | Case No. 2:20-cv-02087-GMN-BNW<br><br>ORDER |

  This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Darin Scott Robbins.[1] The court has reviewed the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 and concludes that the petition shall be dismissed without leave to amend. Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Habeas Rule 4 provide "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption); *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("[U]nder Rule 4, a

---

[1] Robbins filed a motion for leave to proceed *in forma pauperis* (ECF No. 1), but also paid the filing fee (ECF No. 2-1). Thus, the motion will be denied as moot.

district court may dismiss a habeas petition without resolving whether a petitioner has exhausted available state remedies when on the face of the petition it is obvious that the petition lacks merit.").

With his petition, Robbins claims the Nevada Department of Corrections ("NDOC") has added 39 months to his sentence by misinterpreting or misapplying Nevada law. The state district court sentenced Robbins to concurrent terms for convictions of burglary while in possession of a deadly weapon, conspiracy to commit robbery, and kidnapping with the use of a deadly weapon, with consecutive terms for robbery with use of a deadly weapon. Robbins contends that 25 months have been added to his sentence because the NDOC incorrectly applied Nev. Rev. Stat. § 213.1213, instead of following Nev. Rev. Stat. § 176.035, to determine the controlling sentence for parole eligibility. He claims that an additional 14 months have been added to his sentence because the NDOC failed to apply credits toward his minimum terms in compliance with Nevada law.

A federal court may entertain a habeas petition by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Errors in the application of state law are not cognizable on federal habeas corpus review. *Id.* Sentence calculation and application of state sentencing statutes are matters of state law. *See Beaty v. Stewart*, 303 F.3d 975, 986 (9th Cir. 2002). Moreover, a habeas petitioner cannot "transform a state law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.1996); *see also Miller v. Stagner*, 757 F.2d 988, 993–94 (9th Cir.1985). Thus, Robbins' arguments fail to raise a cognizable claim for federal habeas relief. Accordingly, his petition must be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus (ECF No. 2) is DISMISSED for failure to state claim for federal habeas relief. The Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is denied as reasonable jurists would not find the court's decision to be debatable or wrong,

IT IS FURTHER ORDERED that petitioner's application to proceed *in forma pauperis* (ECF No. 1) and motion for status check (ECF No. 5) are denied as moot.

IT IS FURTHER ORDERED that the Clerk shall **electronically serve** a copy of the petition and this order on the respondents via the Nevada Attorney General.

DATED: July 20, 2022

_____
U.S. District Judge Gloria M. Navarro